| | |
|---|---|
| 1 | |
| 2 | |
| 3 | UNITED STATES DISTRICT COURT |
| 4 | DISTRICT OF NEVADA |
| 5 | * * * |

| | | |
|---|---|---|
| 6 | DARREN LAMONT McCOY, | Case No. 3:20-cv-00017-MMD-WGC |
| 7 | Petitioner, | ORDER |
| 8 | v. | |
| 9 | WILLIAM GITTERE, *et. al*, | |
| 10 | Respondents. | |

Petitioner Darren Lamont McCoy, a Nevada prisoner, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons provided below, the Court will dismiss the petition and deny Petitioner a certificate of appealability.

As an initial matter, Petitioner has not filed an application to proceed *in forma pauperis* or paid the filing fee. Accordingly, this matter has not been properly commenced. *See* 28 U.S.C. § 1915(a)(2) and Local Rules LSR1-1, 1-2.

More importantly, however, the Court also notes that Petitioner had a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *McCoy v. Williams, et. al*, 2:17-cv-01881-JAD-GWF. In that proceeding, the Court dismissed the petition with prejudice based on a finding it was untimely-filed. *See* ECF No. 15, 2:17-cv-01881-JAD-GWF. Petitioner did not appeal that determination.

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court

///

///

cannot grant relief with respect to a claim that was presented in a prior application ((b)(1)) or a claim that was not presented in a prior application ((b)(2)) unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

The dismissal of a federal petition on the ground of untimeliness is a determination "on the merits" for purposes of § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Even if Petitioner can make a sufficient showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition filed herein. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

*Certificate of Appealability*

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). When a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would

///

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner cannot make the necessary showing.

It is therefore ordered that this habeas proceeding is dismissed for lack of jurisdiction. The Clerk will enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 22nd day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE